IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| SHANE MCCLANAHAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN,<br>ATTORNEY GENERAL OF THE<br>STATE OR MONTANA,<br><br>Respondents. | Cause No. CV 26-50-H-SPW<br><br>ORDER |

On July 13, 2026, state pro se prisoner Shane McClanahan ("McClanahan") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 8.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

As explained below, because the claims in McClanahan's petition are unexhausted, his petition will be dismissed without prejudice.

## I.      Exhaustion

McClanahan is presently serving two state sentences in Cause Numbers DC-01-422 and DC-02-176, handed down in Montana's Fourth Judicial District Court, Missoula County, in 2002 and 2007.  (Doc. 1 at 2.)

On July 7, 2026, McClanahan was denied release on parole based on the nature of his offenses and his institutional conduct.  (*Id.* at 3.)  McClanahan states that he has to wait 6 more years until he is eligible for parole and there is no "clear plan or possibilities" for earlier release.  (*Id.*)  McClanahan acknowledges that he has not engaged in any other post-conviction or collateral challenge to the recent denial of parole in the state courts.  (*Id.* at 3-4.)

In his petition before this Court, McClanahan alleges that the Parole Board ignored him and disregarded his parole plan, (*id.* at 4); *see also*, (Doc. 1-1 at 2-5.) McClanahan asks this Court to afford him the "opportunity to better [himself]," presumably by ordering his release on parole. (Doc. 1 at 7.)

As a preliminary matter, McClanahan has not identified a purported federal constitutional violation.  "[F]ederal habeas corpus relief does not lie for errors of

2

state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989); *see also, Middleton v. Cupp*, 768 F. 2d 1083, 1085 (9th Cir. 1985).

To the extent that McClanahan is able to present a cognizable federal claim, such claim is presently unexhausted. On the face of his petition, McClanahan acknowledges that his parole-related claim has not been presented to the state courts. *See*, (Doc. 1 at 4-5.)[2]

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its

---

[2] McClanahan has previously sought to challenge the underlying judgments of conviction via habeas corpus petitions filed in this Court. *See e.g., McClanahan v. Kirkegard*, CV-11-86-BU-DLC, Or. (D. Mont. Jan. 3, 2012)(dismissing 2254 petition for failure to exhaust); *McClanahan v. State*, CV-11-92-M-DWM, Or. (D. Mont. Aug. 23, 2013)(denying 2254 petition; and *McClanahan v. Attorney General*, CV-11-117-M-DWM, Or. (D. Mont. Aug. 23, 2013)(denying 2254 petition).

prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which [her] claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005)(additional citations omitted).

In the present case, the Montana Supreme Court has not yet considered the claim McClanahan attempts to advance. McClanahan must present the same claim to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review her federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. This includes an original habeas corpus petition filed with the Montana Supreme Court. Because McClanahan has not completely exhausted his available state court remedies, this Court cannot review the claims. *See, Rose v. Lundy*, 455

4

U.S. 509 (1982). Dismissal will be **without prejudice**, allowing McClanahan to return to this Court if and when he fully exhausts the claim relative to his current custody.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

McClanahan has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this

Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1.  McClanahan's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2.  The Clerk of Court is directed to enter a judgment of dismissal.

3.  A certificate of appealability is DENIED.

DATED this 16th day of July, 2026.

Susan P. Watters
United States District Court Judge